# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 05/11/2022 04:03 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Ruiz,Deputy Clerk
22STCV15795

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Lawrence Riff

Kevin A. Lipeles (SBN 244275)
Thomas H. Schelly (SBN 217285)
Aleksandra Urban (SBN 277475)
**LIPELES LAW GROUP, APC**
880 Apollo Street, Suite 336
El Segundo, California 90245
Telephone: (310) 322-2211
Fax: (310) 322-2252
*kevin@kallaw.com*
*thomas@kallaw.com*
*aleksandra@kallaw.com*

Attorneys for Plaintiff,
REBECA SMITH

**SUPERIOR COURT OF THE STATE OF CALIFORNIA,**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| REBECA SMITH, an individual, | Case No.: 22STCV15795 |
| Plaintiff | **COMPLAINT FOR DAMAGES:** |
| v. | **1. GENDER DISCRIMINATION IN VIOLATION OF EQUAL PROTECTION CLAUSE (14TH AMEND.; 42 USC § 1983);** |
| CITY OF EL SEGUNDO, a California general law municipal corporation; and DOES 1-100, | **2. RACE DISCRIMINATION IN VIOLATION OF EQUAL PROTECTION CLAUSE (14TH AMEND., 42 USC § 1983);** |
| Defendants | **3. RETALIATION IN VIOLATION OF 1ST AMEND FREEDOM OF SPEECH (1ST AMEND.; 42 USC § 1983);** |
| | **4. VIOLATION OF TITLE IX (20 USC § 1681, ET SEQ.);** |
| | **5. GENDER DISCRIMINATION (*GOVT. CODE* § 12940(A));** |
| | **6. RACE DISCRIMINATION (*GOVT. CODE* § 12940(A))** |
| | **7. FAMILIAL STATUS DISCRIMINATION (*GOVT. CODE* § 12940(A));** |
| | **8. FAILURE TO PREVENT DISCRIMINATION (*GOVT. CODE* § 12940(K))** |
| | **DEMAND FOR JURY TRIAL** |

- 1 -
COMPLAINT

1   **COMES NOW** Plaintiff, REBECA SMITH, and hereby demands a trial by jury, and

2   complains and alleges against Defendant CITY OF EL SEGUNDO, and DOES 1-100, as follows:

3

4   **I.   INTRODUCTION**

5   1.   This civil rights and state tort action seeks compensatory damages from Defendant

6   CITY OF EL SEGUNDO in connection with its approved, adopted, and ratified policies

7   constituting a continuing pattern and practice of discrimination and retaliation, and intentional

8   violations of the rights guaranteed to Plaintiff under the United States Constitution and California

9   state law, and public policy.

10

11  **II.   PARTIES**

12  2.   At all times herein mentioned, Plaintiff REBECA SMITH ("Plaintiff") was

13  employed with the El Segundo Police Department ("ESPD") and is an individual United States

14  Citizen over the age of eighteen residing in Los Angeles County, California.

15  3.   Plaintiff is informed and believes and based thereon alleges that at all times herein

16  mentioned, Defendant CITY OF EL SEGUNDO ("Defendant" or "City") was a California general

17  law municipal corporation within the County of Los Angeles, State of California. At all times

18  pertinent hereto Defendant City owned, controlled, and operated the law enforcement agency

19  known as the El Segundo Police Department ("ESPD"). City is a "person" per the provisions of 42

20  U.S.C. § 1983, as the injuries and deprivations alleged herein resulted from the customs, policies,

21  practices and usages of the City, and/or the regulations, rules or other mandates of the City, and

22  were adopted, allowed, observed, undertaken or ratified by persons with final authority to make

23  policies within the City as set forth in the United States Supreme Court decision of *Monell v. New*

24  *York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

25  4.   The true names and capacities, whether corporation, associate, individual, or

26  otherwise, of Defendants DOES 1-100 are unknown to Plaintiff, who therefore sues said Defendants

27  by such fictitious names. Each of the Defendants designated herein as a DOE is negligently or

28  otherwise legally responsible in some manner for the evens and happenings herein referred to, and

1  caused injuries and damages proximately thereby to Plaintiff, as herein alleged.  Plaintiff will ask
2  leave of Court to amend this Complaint to show their names and capacities when they have been
3  ascertained.

4      5.     At all times herein mentioned, Defendants were the agents, servants, and employees
5  of each other, and at all times relevant hereto were acting within the course and scope of their
6  authority as agents, servants, and/or employees and acting on the implied and actual permission and
7  consent of the City.

8      6.     On April 27, 2022, Plaintiff filed a California Fair Employment and Housing Act
9  ("FEHA") claim for all state law claims requiring such. That same day, Plaintiff obtained a Right
10  to Sue letter regarding this matter from the Department of Fair Employment and Housing
11  ("DFEH").

12             **III.    FACTS COMMON TO ALL CLAIMS FOR RELIEF**
13                     **Plaintiff is Employed by the ESPD**

14      7.     On or about June 24, 2019, Plaintiff began working for the ESPD. She attended
15  Jailer School Academy for seven weeks and began working as a Police Service Officer (Jailer), a
16  non-sworn position. Throughout her employment with the City, Plaintiff worked as a jailer and
17  performed her various responsibilities in an exemplary fashion with no history of disciplinary
18  actions.

19      8.     At all times relevant hereto, Plaintiff's direct supervisor was Lt. Hugo Perez, now
20  Captain Hugo Perez ("Perez").

21      9.     Perez is single and has publicly said the reason that he is not married is "because
22  women just want to take advantage of men."

23      10.    On or about January 19, 2021, Perez stated at a meeting that ESPD shouldn't hire
24  anymore women "qualified or not- they just aren't making it here."

25      11.    Perez has made derogatory comments in front of subordinates and Command Staff,
26  about Hispanics and immigrants, despite himself being of Hispanic heritage.

27      12.    Perez is very friendly and flirtatious with Karina Pedroza ("Pedroza"), another
28  female jailer who was hired two months before Plaintiff, but with less experience than Plaintiff.

1  Pedroza is a single mom with a child approximately the same age as Plaintiff's child.

2      13.    Plaintiff is married and has a five-year-old child.

3      14.    Plaintiff was told by Perez  that Pedroza was assigned to the day shift because she
4  has a child and is a single mom. Plaintiff works nights.

5      15.    Perez often commented that things are "easier" for Plaintiff because she has a
6  husband.

7      16.    Perez regularly assigned to Plaintiff additional work that Pedroza had not completed
8  during her shift.

9      17.    Perez regularly told Plaintiff to correct Pedroza's errors, which were frequent.

10     18.    Plaintiff complained to Perez that this was unfair and that Pedroza needed to learn
11 how to do her job, but to no avail.

12     19.    Perez indicated that other ESPD employees, including Plaintiff, should "go easy on
13 Pedroza" because she is a single mother.

14     20.    Pedroza regularly arrived for her shift two to three hours late and Perez forced
15 Plaintiff to stay and cover that portion of Pedroza's shift.

16     21.    Plaintiff is informed and believes, and based thereon alleges, that Pedroza was not
17 written up or reprimanded for her tardiness.

18     22.    Plaintiff is informed and believes, and based thereon alleges, that Pedroza applied
19 to the Academy but did not pass the physical.

20     23.    On or about January 19, 2021 it was announced at a staff meeting that Pedroza was
21 promoted to Court Liaison Officer, a position open to Police Service Officers and Sworn Personnel.

22     24.    Plaintiff asked at the meeting why the position was not open for recruitment, but
23 was not given a direct answer.

24     25.    Plaintiff then asked whether this meant that she would now be permitted to work
25 the day shift, but was told that she could not work days.

26     26.    Plaintiff has been outspoken about a number of mattes of public concern, including
27 gender and harassment issues that plague the El Segundo Police Department as well a number of
28 improprieties related to mismanagement and unfair application of various administrative policies.

**Plaintiff Applies for Entry Level Police Officer Position**

27.     In or about May 2021, Plaintiff submitted an online application to the ESPD Police Academy for the position of Entry Level Police Officer.

28.     The City's HR Manager, Dana Hang, informed Plaintiff that the City received her application and told her to take the written test. Approximately two weeks after Plaintiff took the written test, she took the physical exam, which she passed.

29.     Lt. Perez commented that he was "surprised" that Plaintiff passed the physical based on her feminine and curvy figure. Only 12 of approximately 40 candidates passed the physical. Plaintiff was the only female that passed.

30.     Shortly thereafter, Plaintiff was notified by Sgt. Atkinson that she would have a background interview. A background interview was scheduled and completed by Officer Cleary (Ret.).

31.     Plaintiff then proceed to the personal interview phase. She was interviewed by Sgt. Muir, Officer Gonzales and Lt. Corkins. Although the interview scores are not released, the ESPD posted a list, ordered by scores, of how the candidates performed. Plaintiff received the top score.

32.     Plaintiff then proceeded to the next phase of hiring – a polygraph test. She passed.

33.     After that, Plaintiff did not hear anything about her application for a few weeks. She noticed that her application folder sat on Perez's desk for about two weeks. In stark contrast, the folders of two white males were on Perez's desk for about three days.

**City Discriminates Against Plaintiff**

34.     One day during the summer Officer Cleary (Ret.) unexpectedly ran into Plaintiff. He asked her when the Academy was starting. Plaintiff responded that she did not know and informed Cleary that she hadn't heard back regarding the status of her application. Cleary appeared surprised but did not comment.

35.     Sometime in the late summer or early fall, Plaintiff finally asked Perez when the Academy would start.

36.     On or about September 7, 2021, Sgt. Atkinson told Plaintiff that "the Captains want to see you," referring to Cpt. Perez and Leyman.

37.     On or about September 8, 2021, Plaintiff met with Cpt. Perez and Cpt. Leyman in Perez's office. Perez told Plaintiff that she was not going to the Academy because she "failed backgrounds." She asked how, but Perez told her that the Department doesn't need to disclose that to her because of documents Plaintiff signed when she was first employed by the City. Captain Leyman was present for the entire meeting but did not speak.

38.     On or about September 23, 2021, Sgt. Atkinson sent a mass recruiting email stating that the ESPD was looking to meet its goal of 62 sworn officers.

39.     On or about September 29, 2021, Plaintiff received an email from Human Resources Director Rebecca Redyk that attached a picture of a letter dated September 9, 2021, which stated that Plaintiff was not accepted to the Academy due to the limited number of open positions.

40.     Defendant City's conflicting explanations for not admitting Plaintiff to the Academy and not promoting her to the position of Entry Level Police Officer were pretextual. Defendant City refused to admit Plaintiff to the Academy and promote her to the position of Entry Level Police Officer because of her gender, race and color, familial status and because she exercised her Constitutional rights to raise issues of public concern.

**Unconstitutional Policy, Custom or Practice**

41.     Plaintiff is informed and believes, and based thereon alleges, that the City and ESPD have an unwritten policy, custom and practice of not hiring, promoting or providing sufficient resources to female or Hispanic employees, or employees of color, while hiring and promoting white male employees. Plaintiff is informed and believes, and based thereon alleges, that staff of the ESPD have recently stated that it is not hiring any more females at ESPD, whether they are qualified or not. This unwritten policy, custom and practice was a substantial factor in denying Plaintiff employment training and opportunities which Plaintiff is informed and believes, and based thereon alleges, were given to her male counterparts.

42.     Plaintiff is further informed and believes, and based thereon alleges, that the City and ESPD have an unwritten policy, custom and practice of not promoting or providing sufficient resources to employees who speak out on matters of public concern, while promoting those employees who do not speak out. This unwritten policy, custom and practice was a substantial

1  factor in denying Plaintiff employment training and opportunities which Plaintiff is informed and
2  believes, and based thereon alleges, were given to her counterparts who were not outspoken.

3      43.    Plaintiff is further informed and believes, and based thereon alleges, that the City
4  and ESPD have an unwritten policy, custom and practice of not adequately training ESPD
5  employees regarding discrimination in the workplace and are and have been indifferent to the risks
6  of discrimination that result. This unwritten policy, custom and practice and lack of training were
7  a substantial factors in denying Plaintiff employment training and opportunities.

8      44.    Former City Manager Mitnick, to former Chief Bill Whalen, current Chief Jaime
9  Bermudez and Perez, and other members of El Segundo PD, and DOES 1-100 acted pursuant to
10 an expressly adopted official policy or a longstanding practice or custom of the Defendant City.

11     45.    On information and belief, Former City Manager Mitnick, Former Chief Whalen,
12 Chief Bermudez, Captain Perez other members of El Segundo PD, and DOES 1-100 were not
13 disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with their
14 treatment of Plaintiff and the egregious conduct complained of herein.

15     46.    Former City Manager Mitnick, Former Chief Whalen, Chief Bermudez, Captain
16 Perez other members of El Segundo PD, and DOES 1-100, together with other City policymakers
17 and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and
18 policies:

19        a. Double standards for women versus their male counter parts;
20        b. Gender stereotyping, including that female officers are "too assertive" or
21           need to dress and behave in certain ways;
22        c. Placing women in roles that are largely secretarial/administrative, even
23           though they have voiced desire not to perform such tasks;
24        d. Making it harder for women to promote;
25        e. Failing to promote qualified women;
26        f. Failing to provide equal opportunities in education, Command Staff and
27           leadership
28        g. Failing to take seriously complaints and grievances by women and

investigate accordingly;

h. Subjecting women to unfair and harassing scrutiny regarding things like clothing even though it is within the dress code or nitpicking small typos or similar errors;

i. Being hostile towards and intimidating Plaintiff in the workplace on an ongoing basis;

j. Denying Plaintiff a promotion and admission to the Police Academy without justification and despite her strong qualifications: and

k. Holding Plaintiff to a different standard than other employees vis-à-vis the performance evaluations.

47.     By reason of the aforementioned acts and omissions, Plaintiff was injured. Defendant City and DOES 1-100, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated, and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

48.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendant City and DOES 1-100 acted with intentional, reckless, and callous disregard for Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendant, and DOES 1-100 were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

49.     Accordingly, Defendant City and DOES 1-100 each are liable to Plaintiff for compensatory damages under 42 USC §1983.

50.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of said expenses and fees and prays for leave of court to amend this Complaint when said amounts are more fully known to recover said expenses and fees as damages as allowed by statute.

**Ratification**

51.     In his capacity as City Manager for Defendant City of El Segundo, Scott Mitnick ("Mitnick") was the final decision and policy maker for Defendant City. As City Manager, Mitnick is authorized to delegate and has delegated his final decision and policy making authority to his subordinate department heads and supervisory personnel, including but not limited to former Chief Bill Whalen, current Chief Jaime Bermudez and Lt. Perez.

52.     Plaintiff is informed and believes, and based thereon alleges, that Mitnick has delegated this authority with regard to Police Department personnel, such as Plaintiff, to former Chief Bill Whalen, current Chief Jaime Bermudez and Lt. Perez, and that Mitnick knows of and/or approves of and/or is deliberately indifferent to the unconstitutional policies and practices complained of herein.

53.     Plaintiff is unaware of any instance where Mitnick has overruled or failed to strictly adhere to former Chief Bill Whalen's, current Chief Jaime Bermudez's or Perez's decisions, policies, and hiring "recommendations," and thereon believes and alleges that Mitnick is the City's final decision and policy maker in name only, and that all decisions and/or policy and/or hiring and firing and authority with regard to the Police Department personnel have been delegated to former Chief Bill Whalen, current Chief Jaime Bermudez and Perez and made by them, with Mitnick's express and/or tacit approval such that former Chief Bill Whalen, current Chief Jaime Bermudez and Perez are the de facto final policy and decision makers with regard to all matters concerning the El Segundo Police Department

54.     Mitnick, former Chief Bill Whalen, Chief Jaime Bermudez, Perez and Command Staff, and DOES 1-100 acted under color of law.

55.     Plaintiff is informed and believes, and based thereon alleges, that Mitnick, the final policymaker knew of and/or should have known of and/or was deliberately indifferent to and/or specifically approved of (and/or will approve of) the acts of former Chief Bill Whalen, current Chief Jaime Bermudez, Perez and the other members of Command Staff.

56.     Plaintiff is informed and believes, and based thereon alleges, that Mitnick, a final policy maker has determined (and/or will determine) that the acts of former Chief Bill Whalen,

1  current Chief Jaime, Perez and Command Staff, were "within policy."

2      57.    The actions of Mitnick, former Chief Bill Whalen, current Chief Jaime Bermudez,

3  Perez, Command Staff, and DOES 1-100 deprived Plaintiff of her particular rights under the United

4  States Constitution.

5  ## Failure to Train

6      58.    Plaintiff is informed and believes, and based thereon alleges, that the deprivations

7  of her Constitutional rights as alleged herein was caused by Defendant City's failure to properly

8  train ESPD employees.

9      59.    Plaintiff is informed and believes, and based thereon alleges, that Defendant City

10  was deliberately indifferent to the substantial risk that its policy of failing to properly train ESPD

11  employees was inadequate to prevent Constitutional violations by ESPD employees.

12      60.    The failure of Defendant City to provide adequate training was a substantial factor

13  in causing the deprivation of the plaintiff's Constitutional rights by the ESPD and causing

14  Plaintiff's injuries and damages.

15      61.    Accordingly, Defendant City and DOES 1-100 each are liable to Plaintiff for

16  compensatory damages under 42 USC §1983.

17  ## FIRST CLAIM FOR RELIEF

18  ### Gender Discrimination in Violation of the Equal Protection Clause

19  ### (14th Amendment; 42 USC § 1983) - Against All Defendants

20      62.    Plaintiff incorporates herein by reference all of the allegations set forth in this

21  complaint.

22      63.    As alleged above, the City, Mitnick, former Chief Bill Whalen, current Chief Jaime

23  Bermudez, Perez and Command Staff deprived Plaintiff of her Fourteenth Amendment right to be

24  free of gender discrimination by denying her the opportunity to attend the Academy and being

25  promoted to the position of Entry Level Police Officer because of her gender.

26      64.    Defendant City's actions towards Plaintiff constitute disparate treatment based on

27  unlawful gender-related reasons. Such discrimination was a substantial factor in causing Plaintiff

28  injuries and damages.

65.    As a direct, foreseeable and proximate result of Defendant's discriminatory conduct, Plaintiff suffered and continues to suffer humiliation, embarrassment, anxiety, mental anguish and emotional distress. Said conduct has adversely affected her personal health and well-being, which may include medical expenses that are anticipated into the future and may force an early retirement. Plaintiff's damages are continuing, in an amount according to proof at trial.

66.    As a direct, foreseeable and proximate result of the Defendant's discriminatory conduct, Plaintiff suffered and continues to suffer losses in earnings and other employment benefits all to her damage in an amount according to proof at trial.

67.    As a further legal result of the Defendant City's conduct, Plaintiff has and will continue to incur attorneys' fees and costs in an amount according to proof.

68.    As is described in greater detail above, at all material times, former Chief Bill Whalen, current Chief Jaime Bermudez, Perez and Command Staff had final policy making authority for the ESPD and engaged in the acts alleged herein while acting as a final policymaker for the City. Thus, the City is liable for the deprivation of Plaintiff's Fourteenth Amendment rights because the unlawful decisions were made, approved or ratified by persons in final policymaking positions for Defendant City.

69.    Defendant City is also liable for the deprivation of Plaintiff's Fourteenth Amendment rights because the City's policy, custom or practice of gender discrimination against women was a substantial factor in causing Plaintiff's injuries and damages.

70.    Defendant City is also liable for the deprivation of Plaintiff's Fourteenth Amendment rights because the failure of Defendant City to provide adequate training was a substantial factor in causing the deprivation of the Plaintiff's Constitutional rights by the ESPD and causing Plaintiff's injuries and damages.

71.    Defendant City and DOES 1-100, together with various other officials, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated, and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with

1  respect to the Constitutional rights of Plaintiff and other individuals similarly situated. Defendant

2  City's deficient policies, including lack of adequate training of ESPD employees to prevent

3  discrimination, was a substantial factor in causing Plaintiff's injuries and damages.

4      72.    Accordingly, Defendant City and DOES 1-100 each are liable to Plaintiff for

5  compensatory damages pursuant to 42 USC § 1983.

6  **SECOND  CLAIM FOR RELIEF**

7  **Race Discrimination in Violation of the Equal Protection Clause**

8  **(14th Amendment; 42 USC § 1983) - Against All Defendants**

9      73.    Plaintiff incorporates herein by reference all of the allegations set forth in this

10  complaint.

11      74.    As is described in greater detail above, the City, Mitnick, former Chief Bill Whalen,

12  current Chief Jaime Bermudez, Perez and Command Staff deprived Plaintiff of her Fourteenth

13  Amendment right to be free of race and color discrimination by denying her the opportunity to

14  attend the Academy and being promoted to Entry Level Police Officer because of her race and

15  color.

16      75.    Defendant City's actions towards Plaintiff constitute disparate treatment based on

17  unlawful race and color-related reasons. Such discrimination was a substantial factor in causing

18  Plaintiff injuries and damages.

19      76.    As a direct, foreseeable and proximate result of Defendant's discriminatory conduct,

20  Plaintiff suffered and continues to suffer humiliation, embarrassment, anxiety, mental anguish and

21  emotional distress. Said conduct has adversely affected her personal health and well-being, which

22  may include medical expenses that are anticipated into the future and may force an early retirement.

23  Plaintiff's damages are continuing, in an amount according to proof at trial.

24      77.    As a direct, foreseeable and proximate result of the Defendant's discriminatory

25  conduct, Plaintiff suffered and continues to suffer losses in earnings and other employment benefits

26  all to her damage in an amount according to proof at trial.

27      78.    As a further legal result of the Defendant City's conduct, Plaintiff has and will

28  continue to incur attorneys' fees and costs in an amount according to proof.

79.    Defendant City is liable for the deprivation of Plaintiff's Fourteenth Amendment rights because the deprivation was pursuant to the City's policy, custom or practice of race and color discrimination.

80.    Defendant City is liable for the deprivation of Plaintiff's Fourteenth Amendment rights because the City's policy, custom or practice of race and color discrimination against women was a substantial factor in causing Plaintiff's injuries and damages.

81.    At all material times, former Chief Bill Whalen, current Chief Jaime Bermudez, Perez and Command Staff had final policy making authority for the ESPD and engaged in the acts alleged herein while acting as a final policymaker for the City. Thus, the City is liable for the deprivation of Plaintiff's Fourteenth Amendment rights because the unlawful decisions were made, approved or ratified by persons in final policymaking positions for Defendant City.

82.    Defendant City is liable for the deprivation of Plaintiff's Fourteenth Amendment rights because the failure of Defendant City to provide adequate training was a substantial factor in causing the deprivation of the Plaintiff's Constitutional rights by the ESPD and causing Plaintiff's injuries and damages.

83.    Defendant City and DOES 1-100, together with various other officials, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated, and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

84.    Accordingly, Defendant City and DOES 1-100 each are liable to Plaintiff for compensatory damages under 42 USC §1983.

85.    Plaintiff is entitled to and seeks attorney's fees.

///

///

///

///

1

### THIRD CLAIM FOR RELIEF

2

**Retaliation in Violation of First Amendment Freedom of Speech**

3

**(1st Amendment; 42 USC § 1983) - Against All Defendants**

4

86.    Plaintiff incorporates herein by reference all of the allegations set forth in this

5

complaint.

6

87.    As is set forth in greater detail above, Plaintiff spoke out on matters of public

7

concern, such as why open positions in the ESPD were filled without first having been posted for

8

recruitment, as a private citizen and not as part of her official duties as a public employee.

9

88.    As a direct and proximate result of having spoken out, Defendants denied Plaintiff

10

admission into the Academy and promotion to the position of Entry Level Police Officer.

11

89.    Plaintiff's speech was a substantial or motivating factor for denying her admission

into the Academy and promotion to Entry Level Police Officer.

12

90.    A reasonable employee would have found Defendant City's action materially

13

adverse and the City's actions might have dissuaded a reasonable worker from engaging in

14

protected speech.

15

91.    As a direct, foreseeable and proximate result of Defendant's retaliatory conduct,

16

Plaintiff suffered and continues to suffer humiliation, embarrassment, anxiety, mental anguish and

17

emotional distress. Said conduct has adversely affected her personal health and well-being, which

18

may include medical expenses that are anticipated into the future and may force an early retirement.

19

Plaintiff's damages are continuing, in an amount according to proof at trial.

20

92.    As a further direct, foreseeable and proximate result of the Defendant's retaliatory

21

conduct, Plaintiff suffered and continues to suffer losses in earnings and other employment benefits

22

all to her damage in an amount according to proof at trial.

23

93.    As a further legal result of the above-described conduct of Defendant, Plaintiff has

24

and will continue to incur attorneys' fees and costs in an amount according to proof at trial.

25

94.    Defendant City is liable for the deprivation of Plaintiff's First

26

Amendment rights because the deprivation was pursuant to the City's policy, custom or practice of

27

retaliating against employees because of their public speech.

28

///

95.     Defendant City is liable for the deprivation of Plaintiff's First Amendment rights because the City's policy, custom or practice of retaliating against employees because of their public speech was a substantial factor in causing Plaintiff's injuries and damages.

96.     At all material times, former Chief Bill Whalen, current Chief Jaime Bermudez, Perez and Command Staff had final policy making authority for the ESPD and engaged in the acts alleged herein while acting as a final policymaker for the City. Thus, the City is liable for the deprivation of Plaintiff's Fourteenth Amendment Rights because the unlawful decisions were made, approved or ratified by persons in final policymaking positions for Defendant City.

97.     Defendant City is liable for the deprivation of Plaintiff's First Amendment rights because the failure of Defendant City to provide adequate training was a substantial factor in causing the deprivation of the Plaintiff's Constitutional rights by the ESPD and causing Plaintiff's injuries and damages.

98.     Defendant City and DOES 1-100, together with various other officials, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.   Despite having knowledge as stated above, these defendants condoned, tolerated, and through actions and inactions thereby ratified such policies.   Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

99.     Accordingly, Defendant City and DOES 1-100 each are liable to Plaintiff for compensatory damages under 42 USC §1983.

**FOURTH CLAIM FOR RELIEF**

**Violation of Title IX of the Education Amendments of 1972**

**(20 USCS § 1681 et seq., 45 C.F.R. § 86.1 et seq.) - Against All Defendants**

100.     Plaintiff incorporates herein by reference all of the allegations set forth in this complaint.

101.     As is set forth in greater detail above, on or about September 8, 2021, Defendant City violated Title IX of the Education Amendments of 1972, 20 USC § 1681 et seq., and its

2 2 ¨ 1 1

1 | regulations, 45 C.F.R. § 86.1 et seq., by depriving Plaintiff of her educational and vocational

2 | opportunity to attend the Academy because of her sex.

3 |     102.    Defendant City is liable for the deprivation of Plaintiff's Title IX right to be free of

4 | sex discrimination under 20 USC §1681 et seq., and its regulations, 45 C.F.R. §§ 86.1 et seq.,

5 | because:

6 |          a.     Plaintiff has standing to bring a private right of action pursuant to 20

7 | U.S.C.S. § 1681 et seq.

8 |          b.     The City of El Segundo is currently and has been a recipient of federal

9 | financial assistance as defined in 45 C.F.R. §§ 86.1 et seq.;

10 |          c.     The City of El Segundo is currently and has been a recipient of federal

11 | financial assistance as published in its annual financial reports;

12 |          d.     Plaintiff was denied the right to participate in an educational program or

13 | activity as defined in 45 C.F.R. §§ 86.1 et seq.;

14 |          e.     The programs and activities qualify within the scope of Title IX as defined

15 | in 20 USC. § 1681 et seq. and 45 C.F.R. §§ 86.1 et seq.

16 |     103.    The City maintains unconstitutional policies, practices and customs which deprive

17 | Plaintiff and other women of equal educational opportunities.

18 |     104.    On or about January 21, 2022, Perez publicly stated at an ESPD meeting that "we're

19 | not hiring anymore females -- qualified or not, clearly they're not making it here." This statement

20 | was made in front of subordinate employees and command staff.

21 |     105.    By reason of the aforementioned acts and omissions, Plaintiff was injured.

22 |     106.    As a further legal result of the above-described conduct of Defendant, Plaintiff has

23 | and will continue to incur attorneys' fees and costs in an amount according to proof at trial.

24 |     107.    Plaintiff seeks injunctive and declaratory relief under this claim.

25 | ///

26 | ///

27 | ///

28 | ///

**FIFTH CLAIM FOR RELIEF**

**Gender Discrimination (*Govt. Code* section 12940(a)) - Against All Defendants**

108.    Plaintiff incorporates herein by reference all of the allegations set forth in this complaint.

109.    California *Government Code* § 12940(a), makes it an unlawful employment practice for an employer to discriminate against an employee because of the employee's gender.

110.    Defendant City regularly employs five or more persons.

111.    As is set forth above in greater detail, on or about September 7, 2021, Defendant City violated section 12940(a) by refusing to promote Plaintiff to the position of Entry Level Police Officer and refusing to admit her into the Academy because of her gender. This discrimination was a substantial factor in causing Plaintiff's injuries and damages.

112.    Defendant City and DOES 1-100, together with various other officials, had either actual or constructive knowledge of the actions alleged herein and condoned, tolerated, and ratified such actions.

113.    As a direct, foreseeable and proximate result of the Defendant City's conduct, Plaintiff suffered and continues to suffer losses in earnings and other employment benefits all to her damage in an amount according to proof at trial.

114.    As a further direct, foreseeable and proximate result of Defendant's conduct, Plaintiff suffered and continues to suffer humiliation, embarrassment, anxiety, mental anguish and emotional distress in an amount according to proof at trial.

115.    As a further legal result of the above-described conduct of Defendant, Plaintiff has and will continue to incur attorneys' fees and costs and is therefore entitled to an award of attorney fees pursuant to *Government Code* §12965(b) in an amount according to proof at trial.

116.    Within three years of the date of the most recent act of discrimination Plaintiff filed a charge of gender discrimination with the California Department of Fair Employment and Housing and received a right to sue notice that day.

///

///

22 11

## SIXTH CLAIM FOR RELIEF

**Race and Color Discrimination (*Govt. Code* section 12940(a)) - Against All Defendants**

117.   Plaintiff incorporates herein by reference all of the allegations set forth in this complaint.

118.   California *Government Code* § 12940(a), makes it an unlawful employment practice for an employer to discriminate against an employee because of the employee's race or color.

119.   Defendant City regularly employs five or more persons.

120.   As is set forth above in greater detail, on or about September 7, 2021 Defendant City violated section 12940(a) by refusing to promote Plaintiff to the position of Entry Level Police Officer and refusing to admit her into the Academy because of her race and/or color. This discrimination was a substantial factor in causing Plaintiff's injuries and damages.

121.   Defendant City and DOES 1-100, together with various other officials, had either actual or constructive knowledge of the actions alleged herein and condoned, tolerated, and ratified such actions.

122.   As a direct, foreseeable and proximate result of the Defendant City's conduct, Plaintiff suffered and continues to suffer losses in earnings and other employment benefits all to her damage in an amount according to proof at trial.

123.   As a further direct, foreseeable and proximate result of Defendant's conduct, Plaintiff suffered and continues to suffer humiliation, embarrassment, anxiety, mental anguish and emotional distress in an amount according to proof at trial.

124.   As a further legal result of the above-described conduct of Defendant, Plaintiff has and will continue to incur attorneys' fees and costs and is therefore entitled to an award of attorney fees pursuant to *Government Code* §12965(b) in an amount according to proof at trial.

125.   Within three years of the date of the most recent act of discrimination Plaintiff filed a charge of race and color discrimination with the California Department of Fair Employment and Housing and received a right to sue notice that day.

///

///

- 18 -

22 · 1 1

1     **SEVENTH CLAIM FOR RELIEF**

2     **Familial Status Discrimination (*Govt. Code* § 12940(a)) - Against All Defendants)**

3     126.    Plaintiff incorporates by reference all of the allegations set forth in this Complaint.

4     127.    California *Government Code* section 12940(a) makes it an unlawful employment

5 practice for an employer to discriminate against an employee based on sex or gender, including

6 stereotypes based on gender and familial status.

7     128.    Defendant City regularly employs five or more persons.

8     129.    As is set forth in greater detail above, Defendant City violated section 12940(a) by

9 treating Plaintiff different than otherwise similarly situated employees, and eventually refusing to

10 promote Plaintiff to the position of Entry Level Police Officer and admit her into the Academy,

11 because of her familial status. This discriminatory conduct was a substantial factor in causing

12 Plaintiff damages.

13     130.    Defendant City and DOES 1-100, together with various other officials, had either

14 actual or constructive knowledge of the actions alleged herein and condoned, tolerated, and ratified

15 such actions.

16     131.    As a direct and proximate result of Defendant City's conduct, Plaintiff suffered and

17 continues to suffer substantial losses in income, earnings, and benefits and has been damaged in her

18 capacity to earn salary and benefits in an amount according to proof at trial.

19     132.    As a further direct, foreseeable and proximate result of Defendant's conduct,

20 Plaintiff suffered and continues to suffer humiliation, embarrassment, anxiety, mental anguish and

21 emotional distress in an amount according to proof at trial.

22     133.    As a further legal result of the above-described conduct of Defendant, Plaintiff has

23 and will continue to incur attorneys' fees and costs and is therefore entitled to an award of

24 attorney fees pursuant to *Government Code* §12965(b) in an amount according to proof at trial.

25     134.    Within three years from the date of the most recent act of discrimination, Plaintiff

26 filed a charge of familial status gender discrimination with the DFEH and received a right to sue

27 notice.

28 ///

**EIGHTH CLAIM FOR RELIEF**

**Failure to Prevent Discrimination (*Gov't Code* §12940(k)) - Against All Defendants**

135.   Plaintiff incorporates by reference all of the allegations set forth in this Complaint.

136.   California *Government Code* section 12940(k) makes it an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination from occurring.

137.   Defendant City violated section 12940(k) by failing to take all reasonable measures to prevent discrimination, including discrimination against Plaintiff.

138.   As a direct and proximate result of the Defendant City's conduct Plaintiff suffered and continues to suffer substantial losses in income, earnings, and benefits and has been damaged in her capacity to earn her salary, and has lost and will continue to lose employment benefits in an amount according to proof at trial.

139.   As a further direct, foreseeable and proximate result of Defendant's conduct, Plaintiff suffered and continues to suffer humiliation, embarrassment, anxiety, mental anguish and emotional distress in an amount according to proof at trial.

140.   As a further legal result of the above-described conduct of Defendant, Plaintiff has and will continue to incur attorneys' fees and costs and is therefore entitled to an award of attorney fees pursuant to *Government Code* §12965(b) in an amount according to proof at trial.

141.   Within three years from the date of the most recent act of discrimination, Plaintiff filed a charge of familial status gender discrimination with the DFEH and received a right to sue notice.

///
///
///
///
///
///
///

- 20 -

22 - 11

1    **PRAYER FOR RELIEF**

2        WHEREFORE, Plaintiff requests entry of judgment in her favor and against Defendant City

3    of El Segundo as follows:

4        A. For declaratory and injunctive relief;

5        B. For compensatory damages under federal and state law, in an amount to be proven at

6           trial;

7        C. For medical expenses and loss of earnings;

8        D. For interest;

9        E. For reasonable costs of the suit and attorneys' fees pursuant to statute; and

10       F. For such further and other relief as the Court may deem just, proper, and appropriate.

11

12   DATED: May 11, 2022                    RESPECTFULLY SUBMITTED,
                                            **LIPELES LAW GROUP, APC**
13

14

15                                  By: _____

16                                       Kevin A.Lipeles, Esq.
                                         Thomas H. Schelly, Esq.
17                                       Aleksandra Urban, Esq.
                                         Attorneys for Plaintiff,
18                                       REBECA SMITH
     ///
19   ///
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27
28

                                    - 21 -

2 2 ⁻ 1 1

1   ## DEMAND FOR JURY TRIAL

2   Plaintiff hereby demands a trial by jury in this action of all issues so triable.

3

4   DATED: May 11, 2022                    RESPECTFULLY SUBMITTED,
                                           **LIPELES LAW GROUP, APC**
5

6

7                                  By:   _____
                                          Kevin A.Lipeles, Esq.
8                                         Thomas H. Schelly, Esq.
                                          Aleksandra Urban, Esq.
9                                         Attorneys for Plaintiff,
                                          REBECA SMITH
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28